**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHAEL FARLEY,**

       **Petitioner,**

**v.**                                                                  **Case No.: 8:11-CV-2706-T-27EAJ**

**SECRETARY, DEPARTMENT**
**OF CORRECTIONS,**

       **Respondent.**

_____/

## ORDER

Petitioner, an inmate in the Florida Department of Corrections proceeding *pro se*, petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). He challenges his conviction for scheme to defraud entered in the Sixth Judicial Circuit, Pasco County, Florida, in 2006. Respondent filed a response (Dkt. 9) and Petitioner filed a reply (Dkt. 12.) Upon review, the petition must be denied.

### PROCEDURAL HISTORY

Petitioner was charged with one count of scheme to defraud. He entered a plea of no contest on February 3, 2006, for an agreed-upon sentence of eighty-seven months' imprisonment, with sixty months suspended, followed by five years of probation. (Dkt. 11, Exs. 3, 4.) The Second District Court of Appeal *per curiam* affirmed Petitioner's judgment and sentence on June 22, 2007. (Dkt. 11, Ex. 9.)

Petitioner's postconviction motion filed under Florida Rule of Criminal Procedure 3.850 was initially denied in its entirety. (Dkt. 11, Exs. 10, 11.) Upon rehearing, Petitioner was permitted to

file an amended Rule 3.850 motion as to grounds three and four.  (Dkt. 11, Exs. 12, 13.)  His

amended motion was denied in part and voluntarily dismissed in part. (Dkt. 11, Exs. 14, 15, 19, 20.)

The state appellate court *per curiam* affirmed the postconviction court's ruling on Petitioner's Rule

3.850 motion.  (Dkt. 1-2, p. 2; Dkt. 11, Ex. 22.)  Petitioner also filed a motion to correct illegal

sentence under Florida Rule of Criminal Procedure 3.800(a), which the state court denied.  (Dkt. 11,

Exs. 17, 18.)  It does not appear that Petitioner appealed the state court's order.  Respondent agrees

that this habeas petition is timely.

**Standard of Review for Petitions Subject to AEDPA**

This petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act

("AEDPA") effective April 24, 1996.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).  Habeas

relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or

treaties of the United States." 28 U.S.C. § 2254(a).  Therefore, challenges based on state law are not

cognizable in a federal habeas petition.  *See Branan v. Booth*, 861 F.2d 1507 (11th Cir. 1988).

Section 2254(d) sets forth a highly deferential standard for federal court review of a state court's

findings of law and fact.  It provides that habeas relief may not be granted on a claim adjudicated on

the merits in state court unless such determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained this deferential standard:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Additionally, "[t]he focus ... is on whether the state court's application of clearly established federal law is objectively unreasonable ... an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). *See Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

The purpose of federal review is not to re-try the case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell*, 535 U.S. at 693. In other words, "AEDPA prevents defendants–and federal courts–from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010).

A state court's factual findings must also be given deference, and a petitioner bears the burden of overcoming a state court factual determination by clear and convincing evidence. Specifically, a state court's determinations of fact "shall be presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Henderson v. Campbell*, 353 F.3d 880, 890-91 (11th Cir. 2003).

**Exhaustion of State Remedies and Procedural Default**

Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion. *See* § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). *See also Henderson*, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted). A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845.)

To exhaust a claim, a petitioner must make the state court aware of both the legal and factual bases for his claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its' prisoners federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt*, 348 F.3d at 1358. The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such claim on federal grounds, or simply by labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). The petitioner must show at least a reasonable probability of a different outcome. *Henderson*, 353 F.3d at 892; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Alternatively, a petitioner may obtain federal habeas review of a procedurally defaulted claim if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier*, 477 U.S. at 495-96. A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of

someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Henderson*, 353 F.3d at 892. This exception requires a petitioner's "actual" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup*, 513 U.S. at 327.

## Discussion

### Ground One: "Trial Court Lacked Jurisdiction to Prosecute Defendant's Case."

Petitioner was adjudicated guilty and sentenced by the Circuit Court for the Sixth Judicial Circuit in and for Pasco County, Florida. Petitioner asserts that that court did not have jurisdiction over his case because no events relevant to his charge occurred in or involved Pasco County.[1] In support of his claim, Petitioner further asserts that the state trial court committed fundamental error. He claims that the court erred by not ruling on his *pro se* motion to dismiss for lack of jurisdiction, thereby failing to establish whether it had jurisdiction, and by threatening him with a thirty-year sentence if he rejected the State's plea offer before determining jurisdiction.[2]

---

[1]At numerous points in his federal and state pleadings, Petitioner refers to the terms "territorial," "subject matter," or "in personam" jurisdiction in support of his jurisdictional claim. The state court reviewing his postconviction motion also noted that Petitioner appeared to be confusing jurisdiction and venue. However, it appears that the state court considered Petitioner's overall claim that the court had no jurisdiction and therefore improperly accepted his plea and entered the judgment and sentence. Therefore, these references in Petitioner's federal habeas petition and the state court pleadings on which he relies are construed to represent Petitioner's overall claim that the state trial court had no jurisdiction because it lacked the authority to accept his plea or enter the judgment and sentence, to the extent that claim is exhausted in state court.

[2]The scheme to defraud charge involved contracts for the sale and purchase of race horses. The information charged that Petitioner "in the County of Pasco and State of Florida ... in the County and State aforesaid, did engage in a scheme constituting a systematic, ongoing course of conduct with intent to defraud one or more persons, or with intent to obtain property from one or more persons by false and fraudulent pretenses, representations, or promises, or willful misrepresentations of a future act and obtained property from one or more such persons in an amount of $50,000 or more; contrary to Chapter 817.034(4)(a), Florida Statutes ...." (Dkt. 11, Ex. 1.) Petitioner stated in his brief on direct appeal that he "entered into purchase and sale agreements with individuals named in the Information filed in Pasco County ..." and acknowledged that some of the victims lived in Pasco County, but maintained that the relevant actions did not occur in Pasco County. (Dkt. 11, Ex. 6, pp. 3-8.) Petitioner was represented by counsel during his state court proceedings. He filed a *pro se* motion to dismiss on February 3, 2006, the same day he entered his plea. Petitioner alleged in his motion to dismiss that "[t]he basis for the prosecution is founded on contracts issued in, and signed by the defendant in

As a preliminary matter, Petitioner's claim that the state court did not have jurisdiction to accept his plea or enter the judgment and sentence in his state criminal case involves a matter of state law. Federal habeas relief is only available upon a showing that a petitioner is in custody in violation of federal law. 28 U.S.C. § 2254(a). Therefore, questions of state law are not cognizable in a federal habeas petition, even if a petitioner characterizes such a claim as presenting a federal question. *See Branan*, 861 F.2d at1508 ("It is our opinion that the petition raises issues of state law only and, thus, must be dismissed. Although Petitioner alleges violations of federal law, it is clear that this petition is based exclusively on state law issues which are merely 'couched in terms of equal protection and due process.'") (citation omitted). A state court's interpretation of state law cannot provide federal habeas relief since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983). *See also Jones v. Sec'y, Dep't of Corr.*, 2014 WL 505093 at *6 (N.D. Fla. Feb. 7, 2014) ("A state court's jurisdiction to convict and sentence a defendant are quintessential state law matters this Court cannot review in a federal collateral proceeding.").

Additionally, Ground One of Petitioner's habeas petition does not identify a federal constitutional question. However, Petitioner states in his reply that his jurisdictional claim involves his rights under the United States Constitution. (Dkt. 12, p. 5.) Petitioner has also presented his jurisdictional claim to the state courts in several pleadings. Accordingly, to the extent Petitioner's habeas claim may be reviewed because he presented a federal claim in his state court pleadings and now presents a federal claim in this habeas petition, it is considered.

---

Hillsborough County, thus Hillsborough County has subject matter and in personam jurisdiction, not Pasco County." (Dkt. 11, Ex. 2, p. 365.) He further alleged that the fact that a person or a co-perpetrator may live in Pasco County did not confer jurisdiction on the court in Pasco County, that the victims brought a civil suit against him in Marion County, and that because he was "living between" Hillsborough and Marion Counties, jurisdiction would properly lie in either location. (Id., pp. 365-66.) Alternatively, he suggested that the federal courts might have jurisdiction because the race horses were bought and transported "via interstate commerce." (Id., p. 366.)

Petitioner raised his jurisdictional claims on direct appeal, in his Rule 3.850 motion, and in his Rule 3.800(a) motion.   In claim one of his Rule 3.850 motion, Petitioner asserted that proceedings undertaken by a court without jurisdiction violated his rights under the Florida and United States Constitutions. (Dkt. 11, Ex. 10, pp. 3, 7.)  He argued that the state trial court was without jurisdiction over his case and also alleged that the court erred in failing to rule on his *pro se* motion to dismiss.[3]  In regard to the court's failure to rule on his motion to dismiss, Petitioner asserted that his attorney stated that the court indicated it would not hear the motion to dismiss unless Petitioner rejected the plea offer, in which case he would likely lose at trial and receive a thirty-year sentence.  Again, Petitioner argued that no events related the charged offense occurred in Pasco County.  He further claimed that "[n]othing, other than the residency of a few of the alleged victims tied this instant case to Pasco County."  (Dkt. 11, Ex. 10, p. 7.)

 The state court summarily denied this ground.   It first addressed the component of Petitioner's claim alleging that the trial court's failure to rule on his motion to dismiss was fundamental error:

> Defendant claims the Court's refusal to rule on an unauthorized defense motion to dismiss deprived him of a Constitutional right to be prosecuted in the county of the alleged offense.  He asserts the State's charge was based on actions occurring outside the territorial boundaries of Pasco County.  Specifically, "no horses were purchased in Pasco County; Farley did not have any permanent residence in Pasco County.  In sum, "Pasco County did not have subject matter, or personam [*sic*] jurisdiction of this instant case."  This ground is without merit.
>
> First, Defendant asserts the Court committed fundamental error by refusing to rule on his motion to dismiss unless he rejected the State's plea offer ... The motion to dismiss was filed with the Court on the same day as his change of plea: Feb. 3, 2006.  The Court's refusal to rule on that motion was not error, let alone fundamental error,

---

[3]A claim that the court lacked jurisdiction to enter the judgment or impose the sentence is cognizable in a Rule 3.850 postconviction motion.  *See* Fla. R. Crim. P. 3.850(a)(2)-(3).

because the motion itself was untimely and unauthorized.  To be timely, a motion to dismiss must be filed either before or at arraignment. [[6]Fla. R. Crim. P. 3.190(c).]  Defendant was arraigned on October 15, 2004.  Additionally, pleadings filed by a criminal defendant who is represented by counsel are a nullity and unauthorized. [[8]*Lewis v. State*, 766 So.2d 288, 289 (Fla. 4th DCA 2000).]  A public defender was provisionally appointed to represent Defendant on October 15, 2004.  The Court is not procedurally required to conduct the hearing on a motion the same day its filed; nor is Defendant entitled to enter a no contest plea and then, at a later date, have a hearing on his dismissal motion.

(Dkt. 11, Ex. 11, pp. 1-2.)[4]  The record reflects that Petitioner filed a *pro se* motion to dismiss based on lack of jurisdiction on the same day he entered his plea, February 3, 2006.  (Dkt. 11, Ex. 2.) However, the state court determined that Petitioner was not entitled to relief on this aspect of his postconviction claim because his *pro se* motion, filed while he was represented by counsel, was a nullity, and was also untimely.  In determining that the motion to dismiss was untimely, the state court cited Florida Rule of Criminal Procedure 3.190(c), which requires a motion to dismiss to be filed before or at arraignment unless further time is granted by the court.

The state postconviction court's ruling therefore relied upon an independent and adequate state procedural ground for disposing of this aspect of Petitioner's claim.  If a state court rejects a petitioner's claim on the basis that the claim has not been properly raised in accordance with state procedure, federal review of the claim in a subsequent federal habeas proceeding is typically not available.  *See Coleman v. Thompson*, 501 U.S. 722 (1991); *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Sims v. Singletary*, 155 F.3d 1297, 1311 (11th Cir. 1998).  "However, a state court's rejection of a federal constitutional claim on procedural grounds will only preclude federal review if the state procedural ruling rests upon [an] 'independent and adequate' state ground." *Judd v. Haley*, 250 F.3d

---

[4]The state court's order contains numerous footnotes.  Only footnotes six and eight are necessary to recite for purposes of this order.  Therefore, the remainder of the footnotes in the state court's order are omitted.

1308, 1313 (11th Cir. 2001).

A state court's procedural ruling constitutes an independent and adequate decision if (1) "the last state court rendering a judgment in the case ... clearly and expressly state[s] that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim"; (2) the state court's decision "rest[s] solidly on state law grounds" and is not "'intertwined with an interpretation of federal law'"; and (3) the state procedural rule is not applied in an "arbitrary or unprecedented fashion" or in a "'manifestly unfair'" way. *Id.* (citations omitted).

The state court expressly relied upon a procedural rule requiring a motion to dismiss to be filed at or before arraignment. The state appellate court's *per curiam* affirmance[5] of the postconviction court's denial is presumed to rest on the application of the procedural bar. *See Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir. 1990). Accordingly, this aspect of the claim is procedurally defaulted. Petitioner does not argue or demonstrate that either the cause and prejudice or fundamental miscarriage of justice exception applies. Alternatively, notwithstanding the default, the motion to dismiss was not properly before the state court because Petitioner filed it *pro se* while he was represented by counsel. The state court's order determined that such pleadings are a nullity and unauthorized under Florida law. The postconviction court further noted that there was no procedure by which Petitioner would be entitled to have his motion heard the same day it was filed, or at a later time after he entered his plea. The court concluded that Petitioner did not show that the trial court committed fundamental error by refusing to rule on the motion to dismiss unless Petitioner rejected the plea.

---

[5]Petitioner included his initial brief on postconviction appeal with his federal habeas petition. (Dkt. 1-2.) It does not appear from the record that the State filed an answer brief on postconviction appeal. A review of the Second District Court of Appeal's docket in case number 2D10-3661 confirms this.

The state court also construed ground one of Petitioner's Rule 3.850 motion as raising a claim that the state trial court lacked jurisdiction, and denied this portion of the claim on the merits:

> Post-conviction motions must be liberally construed when filed by a pro se defendant. Therefore, this Court assumes that Ground 1 is actually an attack on the Court's 'jurisdiction' and not its decision to withhold ruling on Defendant's motion to dismiss.  A court's lack of jurisdiction is fundamental error, but Defendant confuses jurisdiction with venue.   The information filed in this case alleges Defendant engaged in a scheme to defraud $50,000, in Pasco County, Florida.  A scheme to defraud $50,000 is a first-degree felony.  Circuit courts have exclusive original jurisdiction over all felonies. [[13] § 26.012(2)(d), Fla. Stat. (2007).] Thus this Court, a circuit court, had jurisdiction to accept Defendant's plea.

(Dkt. 11, Ex. 11, p. 2.)   After examining the charging document and relevant law concerning jurisdiction of Florida courts, the state postconviction court determined that the trial court had jurisdiction to accept Petitioner's plea.  As the postconviction court concluded, the Circuit Court in and for Pasco County had authority to hear a case involving a charge of a felony committed in Pasco County.  See § 26.012(2)(d), Fla. Stat. (Circuit courts "shall have exclusive original jurisdiction ... [o]f all felonies ....").[6]  Petitioner has not demonstrated how the state court's determination would

---

[6]After Petitioner's initial Rule 3.850 motion was denied, upon rehearing, he was given leave to amend claims three and four only.  The court denied his motion for rehearing as to claims one and two.  Despite this, Petitioner's amended motion again sought reconsideration of the denial of grounds one and two, which the state court also denied:

> In his first two Claims, Defendant reasserts the arguments contained in his original post-conviction relief motion, and moves this Court to reconsider its previous denial of those claims.  It is the Court's opinion that Defendant fails to raise any new facts or law not already considered by this Court when it denied those Claims.  Accordingly, the Court denies Claims 1 and 2 of Defendant's amended post-conviction relief motion.

(Dkt. 11, Ex. 15, p. 1.)  Thus, the state court refused to reconsider its denial of ground one and rejected Petitioner's attempt at re-argument on the same basis it rejected the claim as originally presented. Moreover, any new argument raised as to claim one in the amended Rule 3.850 motion, which sought reconsideration of the denial following a motion for rehearing that was also denied, was not properly presented to the state court. See, e.g., Jackson v. State, 762 So.2d 1065 n.1 (Fla. 4th DCA 2000)(recognizing that a motion for rehearing following the denial of a Rule 3.850 motion cannot be used to raise new collateral claims.)  In his amended claim one, Petitioner also alleged that the court lacked jurisdiction because the victims brought civil cases in other counties, that the filing of the information based on the victims' statements was insufficient to show that any crime occurred in Pasco County, and that counsel was ineffective for failing to preserve the matter of jurisdiction for direct appeal. To the extent Petitioner attempts to rely on these allegations in support of Ground One of his federal habeas petition, he is not entitled to relief.  Furthermore, Petitioner's overall

entitle him to federal habeas relief.   Furthermore, as noted, Petitioner's jurisdictional claim is essentially one of state law couched in terms of a federal question.   Federal habeas petitions alleging violations of state law cannot provide relief.   *See Branan*, 861 F.2d 1507.   Consequently, Petitioner cannot demonstrate how the state court's denial of his claim is contrary to or an unreasonable application of clearly established federal law.[7]

Petitioner also brought this claim on direct appeal.   He claimed that the court in Pasco County lacked jurisdiction, and that the trial court erred for not hearing his motion to dismiss for lack of jurisdiction.   While he argued that the trial court's failure violated his constitutional rights, he did not expressly raise his claims as invoking his rights under the United States Constitution.   Therefore, he did not exhaust any federal constitutional claim on direct appeal.   *See Henderson*, 353 F.3d at 891.   Since state procedural rules make no provision for successive direct appeals, he could not return to state court and file another direct appeal.   *See* Fla. R. App. P. 9.140.   Therefore, the claim would be procedurally defaulted to the extent it was not raised on direct appeal.   Petitioner does not demonstrate that either the cause and prejudice or fundamental miscarriage of justice exception would apply to excuse the default.

Moreover, even assuming that the state appellate court construed his general constitutional argument as asserting a federal constitutional claim, Petitioner would not be entitled to relief.   The State replied in its answer brief that Petitioner's claim of trial court error for failing to rule on his

---

jurisdictional claim was considered by the state courts.

[7]When the state court denied Petitioner's motion for rehearing on claim one, it found that under state law, jurisdiction over a criminal case is determined by the charge that is brought, and that it "acquired jurisdiction over both the subject-matter and the parties when the State of Florida filed an Information against Defendant charging a felony-level crime in Pasco County, Florida."   (Dkt. 11, Ex. 13, p. 1.)   This further supports the state court's finding that Petitioner failed to demonstrate the court lacked jurisdiction.

motion to dismiss provided no grounds for appeal because his *pro se* motion was a nullity as he was represented by the Office of the Public Defender when he filed it.  (Dkt. 11, Ex. 7, pp. 4-6.) Moreover, the State argued, he waived his appellate claim because he failed to obtain any ruling on the motion, and to the extent the motion was still pending, it was deemed abandoned under state procedural rules when he filed a notice of appeal.  (Id., p. 6.)

The appellate court's decision is presumed to rest on the procedural default asserted in the answer brief.  *See Bennett v. Fortner*, 863 F.2d 804, 807 (11th Cir.) ("[W]hen a procedural default is asserted on appeal and the state appellate court has not clearly indicated that in affirming it is reaching the merits, the state court's opinion is based on the procedural default."), *cert. denied*, 490 U.S. 1071 (1989.)  Consequently, the state appellate court's consideration of this claim can provide no federal habeas relief because it was based on the default under state procedural rules.  Moreover, to the extent that the State's answer brief did not expressly address Petitioner's specific claim that the court lacked jurisdiction, the state appellate court is presumed to have considered and denied the claim when it issued a *per curiam* affirmance of the judgment and sentence.  The *per curiam* affirmance is afforded deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore,* 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied,* 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby,* 538 U.S. 906  (2003).  Furthermore, as addressed in the discussion of the state court's ruling on Petitioner's Rule 3.850 motion that denied this claim on the merits, Petitioner cannot show entitlement to relief on what amounts to a determination of state law.

Finally, Petitioner claims that he demonstrated the court's lack of jurisdiction in his Rule 3.800(a) motion.  In that motion, he raised a claim that his sentence was illegal in that the court had

no jurisdiction to accept the plea or impose the sentence because no crime was committed in Pasco County.  However, Petitioner did not present the federal nature of his claim to the state court in his Rule 3.800(a) motion.  He alleged general constitutional violations, as well as violations of Florida law.  Furthermore, there is no indication from the record that Petitioner appealed the postconviction court's order of denial.  A petitioner has a right to appeal an order denying relief on a Rule 3.800(a) motion.[8]  Thus, any claim raised in the Rule 3.800(a) motion would be unexhausted because Petitioner failed to invoke one full round of the state court's appellate process.  *See Pruitt*, 348 F.3d at 1358-59.[9]  Moreover, even assuming that the state court may have construed his claim to present a federal constitutional claim and that the claim was exhausted, Petitioner cannot show entitlement to relief.  The state court denied this claim:

> First, Defendant claims his sentence is illegal because the Court did not have jurisdiction "to prosecute, accept a plea, or impose any sentence."  This is clearly a challenge to his conviction and not his sentence.  The sentence imposed is a legal sentence for the crime for which Defendant was convicted.  Any claim as to lack of jurisdiction should have been raised on appeal or in a timely motion for post conviction relief.
>
> Defendant, in fact, states that he raised the issue of the Court's lack of jurisdiction on appeal ....
>
> Defendant also raised the claim of lack of jurisdiction in his previous timely filed Rule 3.850 motion for post conviction relief.  That claim was denied, although the motion remains pending an evidentiary hearing on a different claim.  Therefore, this claim cannot be considered pursuant to Rule 3.850 as it would be successive to a claim already raised in his pending Rule 3.850 motion.  In addition to being successive, the claim is also untimely.  Defendant's conviction and sentence were final with the issuance of the mandate on August 10, 2007.  The deadline to file a

---

[8] *See Johnson v. State*, 961 So.2d 195, 197 (Fla. 2007) ("We emphasize ... that defendants have the right to appeal an adverse ruling of a 3.800(a) motion.").

[9] While a motion under Rule 3.800(a) can be filed at any time, as the state court found, Petitioner's claim was improperly brought under that rule and should have been brought on direct appeal or in accordance with Rule 3.850.  Petitioner would not be able to return to state court and file a successive direct appeal or postconviction motion.  Thus, the unexhausted claim presented by Petitioner is procedurally defaulted.  He does not show that the cause and prejudice or fundamental miscarriage of justice exception would apply to allow review on the merits.

timely motion for post conviction relief expired on August 10, 2009. The motion was filed with the Clerk of the Court on August 28, 2009, and filed pursuant to the mailbox rule on August 24, 2009. The claim is, therefore, untimely under Rule 3.850(b).

(Dkt. 11, Ex. 18, pp. 1-2.) The state court determined that his sentence was permissible under state law. The state court further determined that the jurisdictional claim should have been raised on direct appeal or in a motion for postconviction relief under Rule 3.850 because it involved an attack on his conviction.[10] The court concluded that the claim was procedurally barred as untimely and successive. Specifically, the state court found that while the claim was not properly presented under Rule 3.800(a), it could not consider the claim as having been brought under Rule 3.850 because it would be untimely and successive under the provisions of that Rule. Thus, the state court disposed of Petitioner's Rule 3.800(a) jurisdictional claim on independent and adequate state procedural grounds. The claim would therefore be procedurally defaulted, and Petitioner fails to demonstrate that either the cause and prejudice or fundamental miscarriage of justice exception applies. Accordingly, Petitioner fails to demonstrate how he would be entitled to federal habeas relief on the basis of the state court's denial of his Rule 3.800(a) motion.[11]

Accordingly, Petitioner's jurisdictional claim has been reviewed by the state courts. This matter raises an issue of state law, and the state courts considered and rejected this question based

---

[10]Rule 3.800(a) is available to challenge the legality of the sentence imposed based on the face of the record. *See* Fla. R. Crim. P. 3.800(a) ("A court may at any time correct an illegal sentence imposed by it ... when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief...."). Claims challenging a criminal conviction must be brought in a timely motion under Rule 3.850. *See Plowman v. State*, 586 So.2d 454, 456 (Fla. 2d DCA 1991) (Vacating a judgment and sentence, as opposed to correcting an illegal sentence, "is properly sought through a rule 3.850 motion to vacate, set aside or correct the judgment or sentence.").

[11]Following the presentation of the enumerated claims in his federal habeas petition, Petitioner again asserts that the arguments presented in his Rule 3.800(a) motion show that his constitutional rights have been violated in that the court had no jurisdiction. (See Dkt. 1, p. 21.) His claim is repetitive of the argument raised in Ground One. To the extent Petitioner intends the reassertion of these arguments to constitute a separate ground for relief in his federal habeas petition, it is denied for the same reasons discussed in Ground One.

on state law.  And even to the extent that Petitioner may have presented the claim to the state courts and in his federal habeas petition in terms of federal law, he is not entitled to relief because he cannot show that any of the state court determinations regarding this ground were contrary to or an unreasonable application of clearly established federal law.  Consequently, Petitioner has not demonstrated entitlement to relief on Ground One.

**Ground Two: "Ineffective Assistance of Counsel for Failure to Challenge Jurisdiction Issue."**

Petitioner alleges that counsel was ineffective for failing to object to the trial court's lack of jurisdiction, despite being aware that the court did not have jurisdiction.  He further claims that counsel was "too inexperienced" to handle his case, a first degree felony involving "at least 30 state and defense witnesses and hundreds of pieces of discovery."  (Dkt. 1, p. 18.)  In support of this claim, he asserts that counsel had not previously represented a client on a felony charge.[12]

Petitioner also relies on the facts and argument presented in his state court pleadings.  In claim two of his Rule 3.850 motion, he asserted that counsel was ineffective in that she knew the court was without jurisdiction yet advised him to accept the plea offer without further investigating the case; that counsel admitted she was too inexperienced to handle Petitioner's case; that counsel failed to complete the investigation in his case and did not depose the victims; that counsel should have investigated the victims' civil cases against Petitioner that were not brought in Pasco County; that counsel was intimidated by the court when the court would not hear the *pro se* motion to dismiss that counsel adopted and that counsel should have insisted that the court rule on the motion because

---

[12]It appears that at least three different Assistant Public Defenders were assigned during the pendency of Petitioner's case.  Petitioner appears to refer primarily to the attorney who represented him when he entered his plea and was sentenced, although he also claims his other attorneys failed to investigate his case.

she knew the court lacked jurisdiction; and that counsel denied him appellate review.[13]   Apparently

in support of the claims that counsel was ineffective for advising him to accept the plea offer and was

intimidated by the court, Petitioner again asserted that counsel informed him the court would not

hear his motion to dismiss unless he rejected the plea offer, in which case he would likely lose at trial

and be sentenced to thirty years.   Petitioner argued that if counsel had challenged the court on the

jurisdictional issue, he would not have entered the plea.   The state court denied ground two of

Petitioner's motion:

> Ground 2 is an ineffective assistance of counsel claim alleging counsel's failure to
> challenge the court on its erroneous exercise of jurisdiction is deficient performance.
> Defendant claims he was prejudiced by this deficiency in that he entered a no contest
> plea upon counsel's advice.  This claim, therefore, is properly considered a challenge
> to the voluntariness of his plea based on counsel's ineffective assistance.
>
> ... A defendant who pleads guilty upon the advice of counsel may only attack the
> voluntary and intelligent character of that plea by showing that the advice from
> counsel was below an objective standard of reasonableness.  This requires the
> defendant to identify *particular* acts or omissions of counsel that are alleged to be
> outside the broad range of reasonably competent performance ...
>
> Defendant claims [counsel's] advice to accept the plea offer was based on a number
> of deficiencies.   First, counsel was too inexperienced to adequately represent
> Defendant in such a complex case.  Second, counsel failed to adequately investigate
> Defendant's case; an investigation would have shown that this Court lacked

---

[13]The state court summarily denied claim two of Petitioner's Rule 3.850 motion.  Upon Petitioner's motion for rehearing, it allowed him to amend other grounds but denied rehearing and gave no leave to amend claim two.  In his amended Rule 3.850 motion, however, Petitioner again sought reconsideration of the court's denial of claim two.  In support of his request for reconsideration, Petitioner asserted an additional claim of ineffective assistance of counsel that was not expressly raised in his initial Rule 3.850 motion.  Specifically, he asserted that counsel was ineffective because she advised him to accept the plea when numerous defenses existed.  (See Dkt. 11, Ex. 14, p. 15.) To the extent Petitioner now contends that this additional argument supports his federal habeas claim of ineffective assistance of counsel as presented in Ground Two, he is not entitled to relief.  Any additional claims of ineffective assistance of counsel were not properly presented to the state court in seeking reconsideration, as the court had denied claim two and did not give Petitioner leave to amend that claim.  The state court refused to reconsider its denial of ground two and rejected Petitioner's attempt at re-argument on the same basis it rejected the claim as originally presented.  *See supra*, note seven. Additionally, the record indicates that Petitioner also argued in claim three of his amended Rule 3.850 motion that counsel was ineffective for advising to accept the plea when defenses existed.  This claim was considered by the court but was voluntarily dismissed by Petitioner.

jurisdiction. She further failed to depose the two alleged victims. (Defendant alleges that all three attorneys failed to perform this task.) Third, counsel's advice to plead was a product of her being intimidated by the presiding judge. Fourth, counsel "adopted" Defendant's pro se motion to dismiss when she discussed it with the Court, and she should have then argued to the Court for a ruling on its merits. Defendant also alleges that if counsel had properly investigated his case, he would not have accepted the State's plea offer.

Defendant's general allegations that counsel was too inexperienced to handle this case, failed to adequately investigate the charge, and advised Defendant to plead because counsel was intimidated by the court are mere speculation. Further, even assuming that counsel adopted Defendant's motion to dismiss, thereby making it an authorized motion, the motion was still untimely. So counsel's failure to insist that the Court rule on the motion is not error.

At the heart of Defendant's assertions is counsel's allegedly erroneous advice to accept the plea offer when counsel was "99%" certain Pasco County lacked "jurisdiction." Counsel, according to Defendant, recommended accepting the plea - despite the jurisdiction (read *venue*) issue - largely because Defendant faced a 30-year prison sentence should he lose at trial. The Court notes, first, that counsel's "99%" certainty directly conflicts with Defendant's earlier claim that counsel failed to investigate his case. Secondly, if counsel apprised Defendant of a weakness in the State's case, then at the time Defendant entered his plea, he had a full understanding of the courses of action open to him. He has failed to point to facts which show a deficiency on counsel's part. This claim is without merit.

(Dkt. 11, Ex. 11, pp. 2-3) (court's footnotes omitted).

The record supports the state court's rejection of Petitioner's claim that counsel provided ineffective assistance when she advised Petitioner to accept the plea offer despite the alleged jurisdictional issue. It also supports the state court's rejection of Petitioner's claim as a challenge to the voluntariness of his plea based on counsel's alleged deficient performance.

First, as the state court noted, Petitioner's assertion that counsel was ineffective for advising him to enter the plea despite her awareness of a jurisdictional question was inconsistent with his argument that counsel did not investigate his case. The state court also identified Petitioner's allegation that counsel recommended that he accept the plea offer given the potential of a thirty-year

sentence upon conviction of a first degree felony.   This is a correct statement of the potential sentence Petitioner faced upon conviction.   *See* § 775.082(3)(b)1, Fla. Stat.   The sentence he received, eighty-seven months' imprisonment with sixty months suspended, followed by five years of probation, was significantly shorter.

Additionally, as the postconviction court reasoned, Petitioner would have been aware of any potential jurisdictional issue at the time he entered his plea because he claims that he discussed the matter with counsel, and because he filed his *pro se* motion to dismiss on the same day he entered his plea.  Despite this knowledge, Petitioner chose to proceed with his plea.  He told the court under oath that he understood the rights listed on the plea form and that he was waiving his rights by entering his plea. (Dkt. 11, Ex. 4, pp. 481, 482).  He also stated that he was satisfied with counsel's representation.  (Id., p. 483.)  Petitioner did not raise any concern about the court's jurisdiction during the change of plea hearing.  (Id., pp. 479-89.)  The court specifically asked him whether he had any other questions, but he said he did not.  (Id., p. 489.)  The court found that Petitioner understood his plea, as well as the rights he was giving up and the consequences of entering the plea, and further found that Petitioner entered his plea freely and voluntarily with the representation of able counsel with whom he expressed satisfaction.  (Id., pp.  486-87.)

"A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: 'If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea ... will be upheld on federal review.'" *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980)).  Although a defendant's statements during a plea colloquy are not insurmountable, "the representations of the defendant [at a plea

hearing], his lawyer ... as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.'" *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

Petitioner does not challenge the validity of his plea colloquy. His statements during the plea colloquy reflect that he understood what rights he was giving up by entering the plea and that he was satisfied with counsel's representation. Petitioner proceeded with the plea despite knowing of what he believed to be a question about the court's jurisdiction. Petitioner does not show that he was coerced into entering the plea or otherwise did not want to proceed by entering a plea, or that his statements to the court were incorrect. He cannot overcome the strong presumption that his sworn statements during the plea colloquy were accurate. *See Blackledge*, 431 U.S. at 73-74. Moreover, as Petitioner does not demonstrate that his plea was involuntary, he also fails to show that ineffective assistance of counsel resulted in an involuntary plea, or that counsel's performance was deficient when she advised him to enter the plea. Accordingly, he does not show that this portion of the state court's finding was contrary to or an unreasonable application of clearly established federal law or based upon an unreasonable determination of the facts in the state record.

Additionally, the state court correctly concluded that Petitioner's claims that counsel was too inexperienced to handle his case, that counsel did not adequately investigate the charge, and that counsel advised him to plead because she was intimidated by the court were speculative. Petitioner does not point to any documentary or record evidence in support of these claims. He only provided

general assertions and his own beliefs in his motion.[14] Such claims cannot provide federal habeas

relief. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that vague,

conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).

Moreover, Petitioner's voluntary plea precludes him from asserting claims alleging that

counsel provided ineffective assistance prior to the entry of the plea when the actions complained

do not concern the voluntariness of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266 (1973)

(Federal habeas corpus review of claims raised by a petitioner who entered a guilty plea is limited

to "the nature of the advice and the voluntariness of the plea, not the existence as such of an

antecedent constitutional infirmity."); *Stano*, 921 F.2d at 1150-51 ("The Court allows only

challenges to the voluntary and intelligent entry of the plea if a convicted defendant can prove

'serious derelictions in his counsel's advice regarding the plea.") (citation omitted); *Smith v. Estelle*,

711 F.2d 677, 682 (5th Cir. 1983) ("[B]ecause ... Smith's guilty plea was voluntarily and knowingly

made, he cannot now attack the ineffectiveness of his counsel in any respects other than as the

alleged ineffectiveness bears upon counsel's faulty advice that coerced a guilty plea.").

Furthermore, to the extent the state court's ruling concerning Petitioner's claim "that counsel

did not adequately investigate the charge" did not expressly recite his particular factual assertions

that counsel did not depose the victims and did not investigate the civil cases they brought against

Petitioner, he is still not entitled to relief.  The record supports a denial of these claims.  Petitioner's

Rule 3.850 motion did not explain what counsel would have uncovered by deposing the victims or

---

[14]To the extent Petitioner claims that counsel was too inexperienced to handle his case, it is noted that counsel was able to obtain a favorable plea agreement under which Petitioner was sentenced to a substantially shorter sentence than that for which he was eligible.  Additionally, during the change of plea hearing, Petitioner twice stated that he was satisfied with counsel.  (Dkt. 11, Ex. 4, p. 483.)

further investigating their civil cases.[15]   To the extent that Petitioner asserts that the victims filed

civil cases in another court, he fails to allege how this information would have made any difference

to the outcome of his criminal case or his decision to enter a plea, because he concedes that he and

counsel were already aware of an alleged jurisdictional issue.   When Petitioner entered his plea, he

stated under oath that he understood he was giving up his rights to call and cross-examine witnesses

and to pursue any defenses available to him.   (Dkt. 11, Ex. 4, p. 482.)   Accordingly, the record

supports the state court's denial of this claim.   Furthermore, as previously addressed, Petitioner's

claims of ineffective assistance of counsel prior to his plea are now foreclosed by the entry of his

voluntary plea.

Finally, the state court also denied Petitioner's claim that counsel was ineffective for not

insisting that the court rule on the motion to dismiss because the motion was untimely.   First, it is

not apparent from the record that counsel in fact adopted this *pro se* motion.   Petitioner claims that

counsel did so when she discussed the motion with the court.   However, he does not point to any

evidence to support this assertion.   But even assuming that counsel did adopt the motion, the record

supports the state court's finding that counsel was not ineffective for failing asking the court to rule

on the motion, as it was not timely filed.   As noted, under relevant state procedural rules, a motion

to dismiss must be filed before or at arraignment unless further time is granted by the court.   *See* Fla.

---

[15]Petitioner attached to his reply a transcript of a September 26, 2005 pre-trial conference during which counsel indicated that depositions had not been conducted because the defense had been trying to resolve the case, and that counsel intended to communicate with the victims to determine if they intended to file civil charges against Petitioner. (Dkt. 12, pp. 21-24.)  Petitioner also attached the transcript of a November 7, 2005 pre-trial conference during which counsel indicated that she was setting depositions and intended to file a motion to allow Petitioner to be present at the depositions.  (Id., pp. 29-32.)  This information does not demonstrate that counsel failed to investigate the case. Although Petitioner asserted that none of his attorneys deposed the two most important witnesses, he acknowledged elsewhere in his state court pleadings that at least one of his attorneys did take some depositions.  (Dkt. 11, Ex. 14, p. 20.)

R. Crim. P. 3.190(c).  As the state court found, counsel could not be deemed ineffective because she

had no grounds to ask the court to rule upon a motion that was not properly presented to it.[16]

Petitioner has not demonstrated that the state court's findings as to any of the allegations

raised in Ground Two were contrary to or an unreasonable application of clearly established federal

law.  Accordingly, he has not shown an entitlement to relief on Ground Two.

**Ground Three: "Ineffective Assistance of Counsel: Failure to Investigate, do Discovery, Depose Witnesses, or Prepare for Trial.  Counsel Gave Affirmative Misadvice," and Ground Four: "Ineffective Assistance of Counsel for Failure Provide all Discovery to Petitioner."**

In Ground Three, Petitioner asserts that counsel was ineffective in failing to conduct a proper

investigation of his case and prepare for trial.  He asserts that his attorneys did not investigate his

case but instead "induced and coerced a plea."  (Dkt. 1, p. 19.)  Petitioner also relies on the facts

alleged in claim three of his amended postconviction motion in support of Ground Three.[17]   In

Ground Four, Petitioner relies exclusively on the arguments raised in amended claim four of his Rule

3.850 motion, where he asserted that counsel failed to provide him with depositions and discovery.

---

[16]Additionally, to the extent the court's ruling did not expressly address Petitioner's vague assertion that counsel was ineffective for depriving him of appellate review, he has not shown entitlement to relief.  The record supports a denial of this claim as insufficient.  Petitioner did not explain how counsel's actions deprived him of having a claim heard on appellate review, or what issue trial counsel did not preserve for appeal.  Nor does he assert that this alleged deficient performance by counsel affected the voluntariness of his plea.  Accordingly, this conclusory claim warrants no federal habeas relief.  *See Tejada*, 941 F.2d at 1559.

[17]Petitioner was permitted an opportunity to amend claim three of his postconviction motion.  In amended claim three, Petitioner alleged that counsel was ineffective for failing to investigate his case or review evidence; for failing to depose critical witnesses; for failing to investigate jurisdiction or venue despite knowing the court had no jurisdiction; for admitting she was too inexperienced to handle his complex case; for failing to thoroughly discuss evidence with him; for erroneously advising him to accept the plea when numerous defenses or other alternative actions such as challenging jurisdiction or proceeding to trial were available; for not properly preparing the sentencing guidelines; for allowing the court to use a faulty sentencing scoresheet and impose the incorrect amount of restitution; and for misadvising him about the likelihood of success on appeal.  Petitioner claimed that he was forced into taking the plea when counsel threatened him with a thirty-year sentence.  He further argued that, although one of the attorneys did conduct some depositions, he did not see the deposition transcripts until after he entered his plea and that these depositions contained exculpatory testimony.  Finally, he included an allegation that counsel informed him that she told the judge she was 99% certain that the court had no jurisdiction, but that the court would not hear the motion unless he rejected the plea offer, in which case he would lose and get a thirty-year sentence.

He again asserted that once he later saw deposition transcripts, he learned that they contained information that the victims, not Petitioner, breached the contracts.  Petitioner also claimed that none of the attorneys assigned to his case properly represented him.

The state court initially denied claims three and four of the Rule 3.850 motion as insufficient. (Dkt. 11, Ex. 11, pp. 3-4.)  Upon rehearing, however, the court vacated the portion of its order denying these claims, and instead struck them with leave to amend.  (Dkt. 11, Ex. 13, pp. 1-2.)  After Petitioner filed his amended motion, the state court directed the Office of the State Attorney to respond only to the portion of Petitioner's amended ground three that alleged affirmative misadvice of counsel.  (Dkt. 11, Exs. 14, 15.)  It summarily denied the rest of the claim as insufficient.  It appears that an evidentiary hearing was granted on Petitioner's affirmative misadvice allegation. (Dkt. 11, Ex. 20.)  However, before the state court conducted the hearing or resolved the claim, Petitioner filed a motion for voluntary dismissal of this outstanding claim.  (Dkt. 11, Ex. 19.) Therefore, the state court entered a final order that dismissed this part of Petitioner's Rule 3.850 motion.  (Dkt. 11, Ex. 20.)

Consequently, the portion of Petitioner's federal habeas claim alleging misadvice by counsel is unexhausted because, in accordance with Petitioner's request, it was dismissed by the state postconviction court prior to a ruling on the merits.   The state court accepted the claim as presented by Petitioner.  But by voluntarily dismissing the claim, Petitioner deprived the state court of the opportunity to rule on the merits of his claim and failed to complete one round of review in the state courts in accordance with state procedural rules.  The claim is therefore unexhausted.  *See Pruitt*, 348 F.3d at 1358-59.  Petitioner cannot return to state court to raise this same claim in a successive postconviction motion.  *See* Fla. R. Crim. P. 3.850(h).  Consequently, the claim is procedurally

defaulted.  Petitioner does not argue or demonstrate that the cause and prejudice or fundamental miscarriage of justice exception would apply to allow review of his claim on the merits. Accordingly, he is not entitled to relief on the portion of Ground Three alleging misadvice by counsel.

As noted, the state court summarily denied the portion of amended claim three that did not involve allegations of affirmative misadvice.  (Dkt. 11, Ex. 15.)  It also summarily denied amended claim four.  (Id.)  The state court again denied these allegations as insufficiently pled.  As to Petitioner's amended claim three, the state court found:

> In Claim 3, Defendant alleges his nolo plea was involuntarily entered because counsel failed to depose two critical State witnesses, failed to investigate known defense witnesses, failed to ensure the Court received a proper sentencing scoresheet for Defendant, failed to provide him with transcribed copies of depositions, and misadvised him concerning the Court's jurisdiction to accept his plea and the likelihood of prevailing on direct appeal.  With the exception of the misadvice issues, Defendant's other allegations lack factual specificity, and are therefore improperly pleaded.  This was Defendant's second opportunity to allege specific facts to support relief.  It is the Court's opinion that a further opportunity is not warranted, and therefore the Court denies this claim on all the issues save defense counsel's affirmative misadvice.

(Dkt. 11, Ex. 15, p. 1.)[18]  Similarly, the court denied Petitioner's amended claim four:

> In Claim 4, Defendant alleges his plea was involuntary because counsel failed to provide him with copies of discovery, including transcribed depositions, audio tapes, and other items.  Defendant fails to allege sufficient facts to warrant relief.  This was Defendant's second opportunity to correct this Claim as well.  The Court finds

---

[18]In his reply, Petitioner appears to offer additional facts in support of his claim that counsel was ineffective for failing to investigate critical defense witnesses.  He contends that these witnesses "would have been able to demonstrate that racehorses were purchased as per the contracts in dispute" and "were linked in the race-horse contracts of nearly every other alleged victim." (Dkt. 12, p. 11.)  However, Petitioner did not present these facts to the state court in support of his ineffective assistance of counsel claim.  If a petitioner raises a claim of ineffective assistance of counsel in state court, but alleges different facts in support of the claim in his federal habeas petition, the federal claim has not been fairly presented to the state court.  *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made.") (internal citation omitted).  Accordingly, these allegations cannot provide relief for Petitioner.

Defendant is not entitled to a third opportunity to properly allege this Claim. Therefore, the Court denies this Claim as legally insufficient to support relief.

(Dkt. 11, Ex. 15, p. 2.)   The state court denied both of the claims in Petitioner's amended Rule 3.850 motion as a result of Petitioner's failure to sufficiently plead facts in support of his claims.[19]   It is apparent that the state postconviction court's decision rested upon the application of an independent and adequate state procedural ground.[20]   Relying on the facts alleged in his amended Rule 3.850 motion, Petitioner appealed the postconviction court's order and argued that counsel was ineffective. (Dkt. 1-2, pp. 8-24.)   The state appellate court's *per curiam* affirmance is presumed to rest on the procedural bar relied on by the state court.   *See Harmon*, 894 F.2d at 1270.   Therefore, the state postconviction court's reliance on an independent and adequate state procedural bar to reject Petitioner's claims results in a procedural default as to the claim raised in Ground Four and the remaining portion of the claim raised in Ground Three.   Petitioner does not argue or establish that the cause and prejudice or fundamental miscarriage of justice exception would apply to excuse the default.   Moreover, the record supports the denial of these grounds as insufficient, as they were

---

[19]To the extent Petitioner raised allegations in claim three of his amended Rule 3.850 motion that were not expressly recited by the state court in its summary of Petitioner's lengthy postconviction claim, he cannot obtain relief. The court did not expressly mention his claims that counsel failed to review and discuss evidence with him, admitted she was too inexperienced to handle his case, and allowed the court to impose an incorrect amount of restitution. First, such claims may be included in the state court's identification of Petitioner's overall arguments of ineffective assistance of counsel. Moreover, the record supports denying these claims on the basis that they are impermissibly vague, as these grounds were presented in the same unsubstantiated manner as the other claims in his motion that the state court expressly mentioned. Accordingly, the record supports a finding that these claims were insufficiently pled. Furthermore, his claim that counsel was too inexperienced was raised in claim two of his Rule 3.850 motion, where it was rejected as insufficient. As discussed, the record supports the state court's conclusions on these claims. And to the extent Petitioner again alleges that counsel's ineffective assistance and misadvice coerced him into pleading and rendered his plea involuntary, this allegation was also addressed in Ground Two. The record reflects that Petitioner's plea was voluntarily entered. Finally, claims of ineffective assistance of counsel concerning actions prior to the plea would not be available to provide federal habeas relief.   *See Tollett,* 411 U.S. 258.

[20]*See* Fla. R. Crim. P. 3.850(c)(7) ("The motion must also include an explanation of ... a brief statement of the facts and other conditions relied on in support of the motion."); *see also Nelson v. State*, 875 So.2d 579, 583 (Fla. 2004) ("In a rule 3.850 motion, a defendant must ... assert facts that support his or her claim that counsel's performance was deficient and that the defendant was prejudiced by counsel's deficient performance.").

Page 26 of  28

presented in a summary and conclusory manner and without factual detail or support.   Rather than

citing specific facts or providing explanation of how counsel was ineffective and how he was

prejudiced by the alleged deficiencies, Petitioner instead presented unsubstantiated arguments

without further support or explanation.   Such claims cannot provide federal habeas relief.   *See*

*Tejada*, 941 F.2d at 1559.   Consequently, Petitioner would not be able show that the state court's

order was contrary to or an unreasonable application of clearly established federal law.   Accordingly,

he is not entitled to relief on Ground Three or Ground Four.

Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's petition for writ of habeas corpus (Dkt. 1)

is hereby **DENIED**.   The Clerk is directed to enter judgment against Petitioner and close this case.

It is further ordered that Petitioner is not entitled to a certificate of appealability.   A petitioner

does not have absolute entitlement to appeal a district court's denial of his habeas petition.   28

U.S.C. § 2253(c)(1).   A district court must first issue a certificate of appealability (COA).   *Id*.

Petitioner is only entitled to a COA if he demonstrates that reasonable jurists would find debatable

whether the Court's procedural ruling was correct and whether the § 2254 petition stated "a valid

claim of the denial of a constitutional right."   *Id*.; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   To

make a substantial showing of the denial of a constitutional right, Petitioner "must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack*, 529 U.S. at 484, or that "the

issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v.*

*Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Petitioner has not made the required showing.   He fails to demonstrate that reasonable jurists would

find debatable that his claims were not procedurally defaulted or that he stated a substantial denial

of a constitutional right.  Because Petitioner is not entitled to a certificate of appealability, he is not

entitled to appeal *in forma pauperis*.

      **DONE AND ORDERED** in Tampa, Florida, on November 22, 2014.


*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**


SA:ml

<u>Copy furnished to:</u>
*Pro se* Plaintiff
Counsel of Record